**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOISES VELASQUEZ-MEDINA, | No.    17-70553 |
| Petitioner, | Agency No. A088-892-353 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Moises Velasquez-Medina, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction under U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and review de novo questions of law.

*Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition for review.

The BIA did not abuse its discretion in denying as untimely Velasquez-Medina's motion to reopen based on ineffective assistance of counsel and new eligibility for asylum and related relief, where he filed the motion more than three years after his final administrative order of removal, he did not show due diligence for equitable tolling of the filing deadline, and he did not show that the motion was subject to any exceptions to the deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3) (subject to exceptions, a motion to reopen must be filed no later than 90 days after the date of the final administrative decision); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances).

We reject Velasquez-Medina's contention that the BIA failed to address his request for reopening based on new eligibility for asylum and related relief. The BIA addressed the timeliness of his motion and did not need to address changed country conditions because this exception was not raised in his brief to the BIA. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Because these determinations are dispositive, we do not reach Velasquez-

2

Medina's remaining contentions regarding compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and whether he was prejudiced by prior counsel's alleged ineffective assistance. *See Simeonov*, 371 F.3d at 538.

     **PETITION FOR REVIEW DENIED.**